UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HADASSAH CORPORATION and INSUN KIM, | ) ) ) |
| Appellants, | ) 1:08-cv-01477 ) |
| -v- | ) ) |
| JAY A. STEINBERG, AS CHAPTER 7 TRUSTEE | ) ) |
| Appellee. | ) ) |

Appeal taken from the United States Bankruptcy Court,
Northern District of Illinois, Eastern Division
Case No. 07 A 00879
Presiding Judge Honorable John H. Squires

---

BRIEF OF DEFENDANTS-APPELLANTS

Rod Radjenovich
Jeffrey Strange & Associates
717 Ridge Road
Wilmette, IL 60091
847-256-7377

# TABLE OF CONTENTS

Statement of Basis of Appeal..................................................................................pg. 3

Statement of Issues Presented and Applicable Standard of Review……….pg. 3

Statement of the Case………………………………………………………...pg. 3

Argument……………………………………………………………………pg. 6

Conclusion…………………………………………………………………..pg. 15

# TABLE OF CASES AND STATUTES

FRCP 55………………………..pg. 6, 9,10, 14, 15
Rule 54…………………………pg. 7
American Reserve Corporation v. Holland, 841 F.2d 159, 162(7th Cir. 1987)……pg. 13
Bieganek v. Taylor, 801 F.2d 879(7th Cir. 1986)…………………….pg. 12, 13
Bluegrass Marine Inc. v Galena Road Gravel, Inc., 211 F.R.D. 356(S.D. Ill 2002)….pg. 11, 12
Chapman v. Smith, 2003 WL 21542493(N.D. Ill. 2003)………pg. 10
Colston v. Cramer, 2008 WL 559579(E.D. Mich., Feb. 26, 2008)…………pg. 14
Connecticut National Mortgage Co., v. Brandstatter, 897 F.2d 883, 885(7th Cir. 1990)…………………………………………………………..pg. 14
Hamilton v. Illinois Central Railroad Company, 2008 WL 78784, at *4. …..pg. 11
Hughes v. Maue, 2007 WL 2908006(S.D. Ill.)……………………….pg. 14
Jones v. Phipps, 39 F.3d 158, 165(7th Cir. 1994)…….pg.11
O.J. Distrib., Inc. v. Hornell Brewing Co., Inc., 340 F.3d 345, 354(6th Cir. 2003)…pg. 14
Pretzel & Stouffer v. Imperial Adjusters, Inc., 28 F.3d 42,45(7th Cir. 1994)…….pg. 11
Rose v. Ellias, 2008 WL 341993(S.D. Ohio, Feb. 7, 2008)……………..pg. 14
Rosenthal Collins Group, LLC v. Trading Technologies International, Inc., 2007 WL 844610(N.D.Ill 2007)……………………………………pg. 10
Schilling v. Walworth County Park & Planning Commission, 805 F.2d 272, 275(7th Cir. 1986)………….pg. 13
Sims v. EGA Products, Inc., 475 F.3d 865, 868(7th Cir. 2007)….pg. 10,11,12
Sun v. The Board of Trustees of the University of Illinois, 473 F.2d 879 (7th Cir. 1986)……………………………….pg. 13

I.   **STATEMENT OF BASIS OF APPELLATE JURISDICTION.**

This Court jurisdiction over this appeal pursuant to 28 U.S.C. §158(a)(1) which governs appeals from "final judgments, orders, and decrees".

II.  **STATEMENT OF ISSUES PRESENTED AND THE APPLICABLE STANDARD OF APPELLATE REVIEW.**

Whether or not the Bankruptcy Judge's denial of Defendants' *Motion to Vacate Order of Default and Judgment Entered on October 30, 2007* was an abuse of discretion.  Appellate review of an entry of and refusal to vacate a default judgment is deferential.  The abuse of discretion standard applies.

III. **STATEMENT OF THE CASE**.

On October 30, 2007, the Bankruptcy Court entered a default judgment on one count of a three count adversary complaint.  On January 24, 2008, the Bankruptcy Court denied Defendants Hadassah Corporation and Insun Kim's motion to vacate default judgment.  Hadassah Corporation and Insun Kim filed appeal the January 24, 2008 denial of their motion to vacate.

On September 12, 2007, the Trustee filed with the Bankruptcy Court a three count adversary *Complaint for Turnover of Property Under 11 U.S.C. §542* and other relief. **Dkt. #1(9/12/07)**. A status hearing on service was set for October 23, 2007. Service of the summons and complaint was made upon Defendants Hadassah Corporation and Insun Kim(hereinafter "Defendants") by mailing in accordance with Bankruptcy Rule 7004(b)(1) on September 14, 2007. The summons required the Defendants to appear and answer on or before October

12, 2007.  **Dkt. # 2(9/12/07)**.  Defendants failed to appear and answer by October 12, 2007.  At the status hearing on service on October 23, 2007, the Trustee presented the Court with a *Notice of Motion and Motion for Default Judgment* against Hadassah Corporation and Insun Kim on Count III seeking "a turnover order under section 542(b) of the Bankruptcy Code in the amount of $260,000, plus an undetermined amount consisting of all accrued and unpaid interest due and owing under the Note, all obligations assumed by Hadassah Corp. pursuant to the Term Sheet, and all expenses incurred by the Trustee and the Collection Agent to date in enforcing the Note and Security Agreement." **Dkt # 6(10/23/07)**.  On October 23, 2007, the Bankruptcy Judge set a hearing date of October 30, 2007 on the Trustee's motion for default judgment. **Dkt. #7(10/23/07)**.  On October 30, 2007, the Bankruptcy Court entered an "Order of Default and Judgment" on Count III, finding:

> "IT IS ORDERED:
>
> 1.   The Motion is GRANTED and Plaintiff shall have judgment against Defendants Hadassah Corporation and Insun Kim, on the Chapter 7 Trustee's Complaint for Turnover of Property Under 11 U.S.C. §542 and Other Relief, in the amount of $260,000, which amount shall bear interest at the statutory rate of 9% per annum until paid in full.
>
> 2.   In addition, this Court shall hold a hearing on November 27, 2007, at 10:00 a.m. to determine what, if any, additional amounts should be added to this Order of Default and Judgment against the Defendants on account of any accrued and unpaid interest due and owing under the Note, any unpaid obligations assumed by Hadassah Corp. pursuant to the Term Sheet, and any unpaid obligations assumed by Hadassah Corp. pursuant to the Term Sheet, and any expenses incurred by the Trustee and the Collection Agent to date in enforcing the Note and Security Agreement." **Dkt. #8, (10/30/07).**

4

On November 2, 2007, three days after the Court's entry of the default judgment on Count III of the Trustee's Complaint, the Defendants filed their *Motion to Vacate Order of Default and Judgment Entered on October 30, 2007* pursuant to Bankruptcy Rules 7055(c) and 7059(b). **Dkt. #9(11/2/07).** The hearing date on the Defendants' motion to vacate the default judgment on Count III was set for November 13, 2007(14 days after entry of the default judgment). The Defendants in their motion to vacate the October 30, 2007 default judgment on Count III set forth eight defenses to the Trustee's Complaint and stated that on October 30, 2007 defendant Insun Kim had sent her husband to attempt to get a continuance because her proposed counsel was on trial and she was unable to contact him in order to retain him. **Dkt. #9, (11/2/07)**. Defendants asked the Court to vacate the October 30, 2007 default judgment and allow them to answer the Trustee's Complaint. On November 29, 2007, a briefing schedule was set on Defendant's motion to vacate default judgment on Count III. On January 4, 2008, the Trustee filed Chapter 7 Trustee's Response in Opposition to Default Judgment Debtor's Motion to Vacate. **Dkt. #16, (1/4/08).** On January 24, 2008, the Bankruptcy Court denied Hadassah Corporation and Insun Kim's motion to vacate the October 30, 2007 default judgment on Count III. **Dkt. #20, (1/24/08).** The Court's Order states: "For the reasons stated in open court on January 24, 2008, enter order that the motion is denied." **Dkt. #20, (1/24/08).** The official court transcript of the January 24, 2008 hearing reflects that prior to denying Defendant's motion to

vacate the October 30, 2007 default judgment, the Court stated the following to Trustee's counsel:

> "The Court: …Do you have anything to add other than what you've so eloquently put in your moving papers?
>
> Mr. Cordis: No, Your Honor. Nothing.
>
> The Court: Okay. Well, their motion is denied and your objection is sustained.
>
> Mr. Cordis: Thank you.
>
> The Court: So the courtroom deputy will enter the appropriate order on that motion. And I don't need to belabor the record any further." **Transcript of Proceedings before the Honorable John H. Squires, January 24, 2008, pg. 2.**

On January 31, 2008, Hadassah Corporation and Insun Kim filed their Notice of Appeal. **Dkt. #22, (1/31/08).**

 IV.    ARGUMENT.

A.    **The "good cause" standard articulated by FRCP 55(c) applies to the instant case because the October 30, 2007 default judgment order was not a final judgment order.**

Federal Rule of Bankruptcy Procedure 7055, which incorporates by reference Federal Rule of Civil Procedure 55, governs the entry and vacation of default judgments:

> ➡**Rule 55. Default; Default Judgment**
>
> **(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b) Entering a Default Judgment.**

6

**(1)** *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

**(2)** *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

**(A)** conduct an accounting;

**(B)** determine the amount of damages;

**(C)** establish the truth of any allegation by evidence; or

**(D)** investigate any other matter.

**(c) Setting Aside a Default or a Default Judgment.** The court may set aside an entry of default for good cause, and it may set aside a default judgment under [Rule 60(b)](#).

**(d) Judgment Against the United States.** A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court.

In the instant case, a final judgment has never been entered against the

Defendants on any of the Complaint's three counts.  Pursuant to Rule

54(a), a judgment  "includes a decree and any order from which an appeal

lies."  Pursuant to Rule 54(b):

> **(b) Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or

more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay*. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.(emphasis added).

The default judgment order entered by the Court on October 30, 2007 against the Defendants was not a "final" and appealable judgment order because it adjudicated fewer than all the claims against the Defendants. The Court did not enter any judgment order on Counts I & II.  Furthermore, the default judgment order itself was not final because the Court set a further hearing date to determine further damages ordering as follows :

"IT IS ORDERED:

1.     The Motion is GRANTED and Plaintiff shall have judgment against Defendants Hadassah Corporation and Insun Kim, on the Chapter 7 Trustee's Complaint for Turnover  of Property Under 11 U.S.C. §542 and Other Relief, in the amount of $260,000, which amount shall bear interest at the statutory rate of 9% per annum until paid in full.

2.     In addition, this Court **shall  hold a hearing** on November 27, 2007, at 10:00 a.m. to determine what, if any, additional amounts **should be added to this Order of Default and** *Judgment* against the Defendants on account of any accrued and unpaid interest due and owing under the Note, any unpaid obligations assumed by Hadassah Corp. pursuant to the Term Sheet, and any unpaid obligations assumed by Hadassah Corp. pursuant to the Term Sheet, and any expenses incurred by the Trustee and the Collection Agent to date in enforcing the Note and Security Agreement." **Dkt. #8, (10/30/07**).(emphasis added).

The Court's failure to enter a final and appealable default judgment against the Defendants is significant because it is determinative of the standard of discretion the Court would employ in deciding a motion to vacate pursuant to Rule 55(c).

Because the Court's October 30, 2007 default judgment order failed to make an express determination that there was "no just reason for delay" and because the default judgment order yet to make a final ruling as to damages on Count III the Court's analysis in vacating Defendant's default judgment should have been pursuant to the "good cause" requirement of FRCP 55(c) and not the heightened standard of "excusable neglect" pursuant to FRCP 60(b). …".  Rule 55(c) uses the "good cause" standard for relief before judgment, while referring to the standard under Rule 60(b) for relief after judgment.  In *Hamilton v. Illinois Central Railroad Company*, 2008 WL 78784(S.D.Ill., January 7, 2008), the Court, in ruling on a defendant's motion to set aside an entry of default and vacate a default judgment under Rule 55(c) and Rule 60(b), held that:

> "While the Court did, in fact enter an Order granting [Plaintiff] default judgment, it had not yet determined damages in this case, and therefore a final judgment had never been entered. ***Rule 60(b) does not apply in this case until a final judgment or order has been entered.*** Therefore, the Court agrees with Defendant that the "good cause" standard articulated under Rule 55(c) applies to this case." (emphasis added).

Likewise, in the instant case the Rule 55(c)'s "good cause" standard is the standard the Bankruptcy Court should have used in deciding Defendants' motion to vacate default judgment.

9

**B. Defendants established "good cause" under Rule 55(c) and therefore, the Bankruptcy Court denial of their motion to vacate default judgment was an abuse of discretion**.

A default judgment is a sanction for misconduct during the litigation. Sims v. EGA Products, Inc., 475 F.3d 865, 868(7th Cir. 2007). The sanctions, however "should be proportionate to the offense, and default judgments…should not be entered precipitately." Rosenthal Collins Group, LLC v. Trading Technologies International, Inc., 2007 WL 844610(N.D.Ill 2007)(J. Moran); See also Sims v. EGA Products, Inc., 865,868(7th Cir. 2007). Appellate review of decisions to impose, or withhold, sanctions is deferential. Id. Because a decision to vacate an entry of default is within the sound discretion of the bankruptcy judge, the default judgment will be reviewed under the abuse of discretion standard of review. Chapman v. Smith, 2003 WL 21542493(N.D. Ill. 2003)(J. Anderson); Pretzel & Stouffer v. Imperial Adjusters, Inc., 28 F.3d 42,45(7th Cir. 1994).

Rule 55(b) provides that: "For good cause shown the court may set aside an entry of default. The Sims court held that "damages disproportionate to the wrong afford *good cause* for judicial action, even though there is no good excuse for the defendant's inattention to the case." Sims v. EGA Products, Inc., 865,868(7th Cir. 2007). The Seventh Circuit stated that "good cause" refers to "good cause" for the judicial action, not "good cause" for the defendant's error. Id.; Hamilton v. Illinois Central Railroad Company, 2008 WL 78784, at *4. ("'good cause' is not a synonym for 'excusable neglect."). In addition to

establishing "good cause" for judicial action "a party moving to vacate an entry of default must show not only good cause but also quick action to correct it and a meritorious defense to the plaintiff's complaint." <u>Pretzel & Stouffer, Chartered v. Imperial</u> Adjusters, Inc., 28 F.3d 42, 45(7th Cir. 1994).

      In the instant case the Defendants established all the elements required of Rule 55(c) to vacate the default judgment. The default judgment entered against the Defendants on October 30, 2007 in the amount of $260,000 plus further damages to be determined at a continued hearing date amount to "damages disproportionate to the wrong" and therefore "good cause" for judicial action exists. <u>Sims v. EGA Products, Inc</u>., 865,868(7th Cir. 2007), at 868.  The default judgment was entered eighteen(18) days after the Defendants were to have filed an answer.  Defendants acted quickly-November 2, 2007, only three days later-in filing their motion to vacate the October 30, 2007 default judgment.  Additionally, the Defendants set forth nine fact-based substantive meritorious defenses to the Trustee's claims.  A "meritorious defense" is "not necessarily a winning one, but it is one which is 'supported by a developed legal and factual basis." <u>Jones v. Phipps</u>, 39 F.3d 158, 165(7th Cir. 1994); <u>Bluegrass Marine Inc. v Galena Road Gravel, Inc</u>., 211 F.R.D. 356(S.D. Ill 2002).  Additionally, as set forth above, the entry of a default judgment order in the absence of the prerequisite entry of default pursuant to Rule 55(a) was error.

      A review of Seventh Circuit case law reveals that "in the absence of willfulness, courts in the Seventh Circuit are more likely than not to set aside an

11

entry of default or even to vacate a default judgment." Sims, 475 F.3d 865(finding that district court judge did not abuse his discretion in concluding that entry of default would be overkill"); Sun v. The Board of Trustees of the University of Illinois, 473 F.2d 879 (7th Cir. 1986)("Although a district court has the default judgment 'readily available within its arsenal of sanctions', it is a weapon of last resort, appropriate when a party willfully disregards pending litigation); Bieganek v. Taylor, 801 F.2d 879(7th Cir. 1986)(overturning district court's decision refusing to vacate default judgment based on a lack of evidence that defendant deliberately and willfully disregarded the court's orders); Bluegrass Marine Inc. v Galena Road Gravel, Inc., 211 F.R.D. 356(S.D. Ill 2002)(finding that although defendant made only a weak showing of good cause, he had acted quickly and had a meritorious defense). Defendants respectfully, believe the Court erred in denying their motion to vacate the October 30, 2007 default judgment and that the denial was an abuse of the Court's discretion.

**C.     The record is devoid of any evidence of the exercise of judicial discretion.**

As set forth above, a default judgment is a sanction and appellate review of an entry of and refusal to vacate a default judgment is deferential. The abuse of discretion standard implies that a bankruptcy judge must actually exercise his discretion and:

> "in exercising his discretion, the bankruptcy judge must also give the reviewing court 'some basis for distinguishing between well-reasoned conclusions arrived at after comprehensive consideration of all relevant factors, and mere boilerplate approval…unsupported by evaluation of the facts or analysis of the law." In

12

> other words, the bankruptcy judge must make findings and explain his reasoning sufficiently to show that he examined the proper factors and made an informed and independent judgment." American Reserve Corporation v. Holland, 841 F.2d 159, 162(7th Cir. 1987):

In the instant case, there is nothing in record evidencing the Court's exercise of discretion. The official court transcript of the January 24, 2008 hearing reflects that prior to entering his order denying Defendants' motion to vacate the October 30, 2007 default judgment, the Court stated the following to Trustee's counsel:

> "The Court: …Do you have anything to add other than what you've so eloquently put in your moving papers?
>
> Mr. Cordis: No, Your Honor. Nothing.
>
> The Court: Okay. Well, their motion is denied and your objection is sustained.
>
> Mr. Cordis: Thank you.
>
> The Court: So the courtroom deputy will enter the appropriate order on that motion. And I don't need to belabor the record any further." **Transcript of Proceedings before the Honorable John H. Squires, January 24, 2008, pg. 2.(See attached official transcript).**

A default judgment is a "weapon of last resort", appropriate when a party willfully disregards pending litigation. Bieganek v. Taylor, 801 F.2d 879(7th Cir. 1986). Under Seventh Circuit case law, absent such circumstances, "the careful exercise of judicial discretion requires that a district court consider less severe sanctions and explain, where not obvious, their inadequacy for promoting the interests of justice." Schilling v. Walworth County Park & Planning Commission, 805 F.2d 272, 275(7th Cir. 1986). The instant record is devoid of any explanation

of why the severest form of sanction-default judgment-was employed by the Court.

**D.   The absence of an entry of an order of default pursuant to Rule 55(a) requires reversal of Bankruptcy Court's denial of Defendants' motion to vacate default judgment and remand to the Bankruptcy Court.**

A prerequisite to obtaining a default judgment pursuant to Rule 55 is that there "must be an *entry of default* pursuant to FRCP 55(a)". Hughes v. Maue, 2007 WL 2908006(S.D. Ill.)("entry of default serves as interlocutory recognition that a particular party has failed to plead or defend against a pleading in compliance with procedural rules. Because default has not been entered as to defendants…default judgment is not appropriate."); See also Connecticut National Mortgage Co., v. Brandstatter, 897 F.2d 883, 885(7th Cir. 1990)("[t]here is a more fundamental reason why this [default judgment] must be remanded…[n]o default had been entered against the defendant…"). (emphasis added). An entry of default is not a default judgment. O.J. Distrib., Inc. v. Hornell Brewing Co., Inc., 340 F.3d 345, 354(6th Cir. 2003). The two concepts are distinct and must be treated separately. Rose v. Ellias, 2008 WL 341993(S.D. Ohio, Feb. 7, 2008). The entry of an order of default is dealt with in Rule 55(a) and the section of the rule regarding entry of default judgments is dealt with in Rule 55(b). These "sections have separate headings and procedures that are distinct from one another…[t]hus a plain reading of Rule 55 demonstrates that entry by the clerk is a prerequisite to any entry of default judgment." Colston v. Cramer, 2008 WL 559579(E.D. Mich., Feb. 26, 2008).

An order of default pursuant to Rule 55(a) has never been entered in the instant case. Instead, eighteen days after the Defendants were to have answered the Complaint, the Court pursuant to Trustee's motion entered default judgment on Count III against the Defendants in the amount of $260,000 with additional damages to be determined on Count III at a later date. Thus, the default judgment was improper and the Court's January 24, 2008 denial of Defendants' motion for summary judgment should be denied and this matter remanded to the Bankruptcy Court.

**V.     Conclusion.**

Defendants pray this Court reverse the Bankruptcy Court's January 24, 2008 denial of their motion to vacate default judgment and for whatever further relief this Court deems just.

*/s/ Rod Radjenovich*

Jeffrey Strange & Associates
717 Ridge Road
Wilmette, Illinois 60091
(847) 256-7377
(847) 256-1681 fax
jstrangelaw@aol.com

```
 1          IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                     EASTERN DIVISION

 3

 4   In re:                      )
                                 )
 5   LEMON SCENTS,                )  No. 02 B 35890
                                 )
 6            Debtor.             )
     ----------------------------)
 7   JAY STEINBERG, TRUSTEE,      )
                                 )  No. 07 A 00879
 8            Plaintiff,          )
                                 )
 9       vs.                     )
                                 )
10   HADASSAH CORPORATION,        )  Chicago, Illinois
                                 )  January 24, 2008
11            Defendant.          )  9:30 a.m.

12

13        TRANSCRIPT OF PROCEEDINGS BEFORE THE
                HONORABLE JOHN H. SQUIRES
14

15   APPEARANCES:

16   MR. DANIEL CORDIS
     on behalf of the Chapter 7 Trustee.
17

18

19

20

21

22

23

24

25
```

                                                                    2

1            THE CLERK:  Lemon Scents, Corporation, 2002
2    B 35890 and related adversary.
3            MR. CORDIS:  Good morning, Your Honor.  Dan
4    Cordis on behalf of the Chapter 7 trustee.
5            THE COURT:  Mr. Cordis.
6            MR. CORDIS:  Mr. Steinberg is supposed to
7    be here this morning.  I'm happy to proceed, but if,
8    you know, I don't know if you want to wait.
9            THE COURT:  You're here and we've got you.
10   I've read all the papers.  I haven't seen
11   Mr. Strange or his colleagues on the motion to
12   vacate the default.
13                Do you have anything to add other than
14   what you've so eloquently put in your moving papers?
15           MR. CORDIS:  No, Your Honor.  Nothing.
16           THE COURT:  Okay.  Well, their motion is
17   denied and your objection is sustained.
18           MR. CORDIS:  Thank you.
19           THE COURT:  So the courtroom deputy will
20   enter the appropriate order on that motion.  And I
21   don't need to belabor the record any further.
22                What else can we do today?  We've got
23   a status hearing on this.
24           MR. CORDIS:  Correct.  I'm -- you know,
25   Mr. Steinberg is dealing with what -- what I'll

```
 1   probably not aptly label as the business aspect of
 2   this.  I'm not aware of anything other than the
 3   motion to vacate though.
 4           THE COURT:  Okay.  Well, I assume then the
 5   trustee -- since the judgment I've entered is final
 6   and I'm not going to vacate it --
 7           MR. CORDIS:  Right.
 8           THE COURT:  I'm here to enforce it to the
 9   extent I can against the defendants --
10           MR. CORDIS:  Correct.
11           THE COURT:  -- especially Ms. Kim.
12           MR. CORDIS:  Correct.  Yeah, I know the
13   trustee, Your Honor, is attempting to sell the
14   property to a developer.  And as far as I know,
15   efforts are still being made to do that, and that's
16   where it stands as far as I know.
17           THE COURT:  Okay.  Then I don't know if
18   there's going to be any additional post-judgment
19   enforcement proceedings that the trustee is going to
20   want to do or what?
21           MR. CORDIS:  I would assume, yeah, I would
22   assume so, Your Honor.
23           THE COURT:  Do you want me to give it
24   another status date so you can move it along or
25   what?
```

```
 1              MR. CORDIS:  Certainly, certainly.
 2              THE COURT:  What date do you want?
 3              MR. CORDIS:  We might as well move it along
 4    quickly whatever...
 5              THE COURT:  You tell me, counsel.  I always
 6    try to accommodate lawyer's schedules.
 7              MR. CORDIS:  Three or four weeks.
 8              THE COURT:  Okay.  Four weeks from today,
 9    today is what, the 24th, would be the 21st of
10    February?
11              MR. CORDIS:  That would be fine.
12              THE COURT:  Does that work for you?  Okay,
13    Two-twenty-one at 9:30.  Okay?
14              MR. CORDIS:  Thank you, Your Honor.
15              THE COURT:  All right.  There's a continued
16    status hearing on the fee--
17              MR. CORDIS:  Correct.  I believe that's,
18    what, next Tuesday?
19              THE COURT:  Well, they're probably
20    additional fees.  We can show this one concluded.
21    And the next one is up next Tuesday.
22              MR. CORDIS:  Correct.
23              THE COURT:  Okay.
24              MR. CORDIS:  Okay.  Thank you, Your Honor.
25              THE COURT:  You're welcome.
```

```
                                                            5

 1
                    (Which were all the proceedings
 2                  had in the above-entitled cause,
                    January 24, 2008.)
 3

 4  I, LISA BRESNAHAN, DO HEREBY CERTIFY THAT THE
    FOREGOING IS A TRUE AND ACCURATE TRANSCRIPT OF
 5  PROCEEDINGS HAD IN THE ABOVE-ENTITLED CAUSE.

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
                                                            5
```